UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN D. MOON,

Plaintiff,

v.                                                CASE No. 8:12-CV-2911-T-27TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his

claim for Social Security disability benefits.[2] Because the decision of the

Commissioner of Social Security fails to address pertinent opinions bearing

on the plaintiff's physical impairment, I recommend that the decision be

reversed and the matter remanded for further consideration.

_____

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

## I.

The plaintiff, who was forty years old at the time of the administrative hearing and who a high school education, has worked as a stock worker and a utility person (Tr. 33, 34, 45). He filed a claim for Social Security disability benefits, alleging that he became disabled due to syringomyelia (Tr. 173). The claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that, through the date of the decision, the plaintiff had severe impairments of syringomyelia and obsessive compulsive disorder (Tr. 12). She concluded further (Tr. 14):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to extreme temperatures, wetness, humidity, noise, vibration, fumes, odors, dust, gases, and work hazards such as unprotected heights and dangerous machinery; and cannot work with the public and should have no more than occasional interaction with co-workers and supervisors.

The law judge determined that, with these limitations, the plaintiff could not return to his past work (Tr. 20). However, based on the testimony of a vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff could perform, such as sewing machine operator and small products assembler (Tr. 21). Accordingly, the law judge ruled that the plaintiff was not disabled (id.). The plaintiff appealed that determination, and submitted new evidence, to the Appeals Council (see Tr. 4). The Appeals Council considered the additional evidence, but found that the "information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 1-2). It therefore let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff was diagnosed in 2007 with syringomyelia due to a tumor on his cervical spine approximately two centimeters in length, which is referred to in the medical records as a syrinx (see, e.g., Tr. 308). The plaintiff alleges that, as a result, he experiences debilitating pain in his upper extremities that makes it difficult for him to even pick up a pencil (Tr. 35, 39, 41, 186, 188). The plaintiff has also been diagnosed with obsessive compulsive disorder (see Tr. 678).

The law judge rejected the plaintiff's claim of total disability, finding that it was unsupported by the objective medical evidence and was inconsistent with the plaintiff's regular activities of driving, shopping, and working out at a gym (Tr. 13, 16, 17). However, the law judge found the plaintiff's claims credible to the extent that he was limited to performing a restricted range of light work. The plaintiff challenges the law judge's decision on seven grounds. At least two are meritorious and warrant reversal.

This is a difficult and close case. It is one in which the deference owed to the law judge's fact-finding could make the difference. However, in order for that deference to be due, the law judge must have thoroughly, and reasonably, evaluated the evidence. In this case, deficiencies in the law judge's evaluation of the evidence preclude giving deference to the decision.

The plaintiff argues first that the law judge erred by omitting from the residual functional capacity determination Dr. Clarence Louis's opinion that the plaintiff should be limited to occasional overhead reaching of no more than 10 pounds (Doc. 13, pp. 8-11). Dr. Louis, a non-examining reviewing physician, also opined that the plaintiff could do light work with restrictions against climbing ladders, ropes, scaffolds; and no concentrated

exposure to environmental elements such as extreme temperatures, noise, and hazards (Tr. 710-17).

The law judge found that Dr. Louis adequately considered the evidence of record, and gave his opinion great weight (Tr. 18). Consistent with that finding, the plaintiff's residual functional capacity matches Dr. Louis's opinion with the exception of the overhead reaching limitation (see Tr. 46-47), which the law judge said at the hearing "[she was] not accepting ... as a limitation" (Tr. 46).

The plaintiff argues that the law judge's rejection of the overhead reaching limitation was error because, by giving Dr. Louis's opinion "great weight," the law judge "necessarily accepted" all of Dr. Louis's opined limitations (Doc. 13, pp. 8-9, 10). However, the plaintiff provides no legal authority for this contention.

The plaintiff argues further on this issue that the law judge should have explained why she rejected the reaching limitations opined by Dr. Louis (id., pp. 9-10). The law judge did not specifically address Dr. Louis's opinion, but simply indicated in general that it was given great weight (Tr. 18). While the law judge was not required to accept all of the limitations opined by Dr. Louis, by saying she gave his opinions great weight she at least

needed to explain those limitations she was rejecting from a doctor to whom she gave great weight.

The law judge did not expressly state in her decision that she was discounting the reaching limitation opined by Dr. Louis, but she did say at the hearing that she was not accepting it (Tr. 46). However, she did not give any explanation for that statement, just as she gave no explanation in her decision.

Moreover, the law judge in her decision imprecisely stated that exhibits showed the plaintiff had normal strength in the upper extremities (Tr. 17). On October 16, 2009, which was just two days after the alleged onset date, the plaintiff's primary care physician reported that the plaintiff "is starting to develop some decreased strength in his upper extremities" (Tr. 549). This comment heightens the need for an explanation of the rejection of a reaching limitation.

The determination whether the plaintiff had a reaching limitation is important because, as the plaintiff points out, both types of jobs identified by the vocational expert involved reaching (Doc. 13, p. 9). Consequently, the law judge needed to explain why she was rejecting a reaching limitation. Absent such an explanation, meaningful judicial review is not possible. Ryan

v. Heckler, 762 F.2d 939, 941-42 (11th Cir. 1985); Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985).

The plaintiff argues, in addition, that the law judge committed reversible error because she failed to evaluate the opinion of neurosurgeon Dr. John C. Drygas (Doc. 13, pp. 14-15). Dr. Drygas met with the plaintiff twice in April 2010. On April 27, 2010, Dr. Drygas stated that the plaintiff "is disabled by the symptoms from his cervical syrinx" (Tr. 508).

The law judge in her decision did not mention this opinion. This was error.

Dr. Drygas's opinion of disability is not a "medical opinion" but is an "administrative finding[] that [is] dispositive of the case; i.e., that would direct the determination or decision of disability" and, therefore, is reserved for the Commissioner. 20 C.F.R. 404.1527(d). Consequently, it is not entitled to controlling weight or special significance. Social Security Ruling 96-5p, 1996 WL 374183 at **1, 2 (S.S.A.).

However, that Social Security Ruling states further (id. at *3):

> [O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the ... decision of disability, including opinions

from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

The law judge therefore erred in ignoring Dr. Drygas's opinion. Her failure to evaluate that opinion also warrants reversal.

In view of the determination that the law judge committed two reversible errors, it is unnecessary to address the plaintiff's five other contentions. On remand, a new decision will be entered, and there is no reason to think that it will present the same issues.

## IV.

For these reasons, the decision of the Commissioner fails to explain significant medical opinions. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER /ᵔ, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).