UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN MOON,

    Plaintiff,

vs.                                                       Case No. 8:12-cv-02911-T-27TGW

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 17) from the Magistrate Judge recommending that the decision of the Commissioner of Social Security be reversed and the matter remanded for further consideration. The Commissioner objected to the R&R (Dkt. 18), and Plaintiff responded to the Commissioner's objections (Dkt. 19). Upon consideration, the Report and Recommendation (Dkt. 17) is APPROVED and ADOPTED, and the decision of the Commissioner is REVERSED.

*Standard of Review*

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. Appx. 853, 857 (11th

Cir. 2010). In the absence of specific objections, there is no requirement that findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Nevertheless, the district court reviews the report and recommendation for "clear error" even in the absence of objections. *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In social security cases, the standard of review is whether the ALJ's conclusion as a whole was supported by substantial evidence in the record. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The decision of the ALJ is also reviewed to determine whether the correct legal standards were applied. *Graham v. Apfel*, 129 F.3d 1420, 1420 (11th Cir. 1997).

### *The Opinion of Dr. Clarence Louis*

The Commissioner first contends that the Magistrate Judge erred in concluding that the ALJ should have explained her reasons for rejecting the reaching limitation opinion of the state agency physician, Dr. Clarence Louis. During the hearing, the ALJ questioned Dr. Heaston, a vocational expert (R. 45). The ALJ found on the record that Moon could not return to his past relevant work (R. 46), and then posited the following hypothetical to the vocational expert:

> I'm going to ask you to assume an individual who is younger age, has a high school education, has the past work you've described, and the residual functional capacity as indicated in Exhibit 33F, and I'm going to read that. Such an individual could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about six hours out of eight, sit about six hours out of eight, is unlimited in ability to push and pull, but that would be consistent with light work, and never climb ladders, ropes and scaffolds, is unlimited in manipulation. ***The state agency has indicated that he's limited to overhead reaching occasionally, but I'm not accepting that as a limitation***. No visual limitations, No communicative limitations, and should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dust, gasses, and work such as unprotected heights and dangerous machinery. Are there jobs which exist in significant numbers in the national economy which such an individual could perform; if so, please describe those jobs and the number of jobs in the region the claimant is a resident in and in the national economy.

(R. 46-47) (emphasis added).

2

The referenced Exhibit 33F is a Physical Residual Functional Capacity Assessment performed by Dr. Louis (R. 710), a medical consultant. His initial assessment notes mild "[p]roximal UE muscle weakness . . ., [i]mproved some by with [*sic*] ongoing Physical Therapy." (R. 712). In Section C of the assessment, Dr. Louis indicates "[o]verhead reaching is reduced to occasional with restricted listing weigh[t] of 10 pounds." (R. 713). This assessment, in Section C, appears to be the one the ALJ chose not to accept at the hearing.

In her decision, the ALJ afforded "great weight" to Dr. Louis's opinions (R. 18), but that is the extent of the ALJ's discussion of the evidence and opinions supplied by Dr. Louis. The ALJ never discusses Dr. Louis's finding that Moon suffers from mild muscle weakness in his upper extremities or explains why she rejected Dr. Louis's limitation on overhead reaching.

The report provided by Dr. Louis constitutes a "medical opinion" from an "acceptable medical source," which *must* be weighed by considering the six factors listed in 20 C.F.R. § 404.1527(b). *See* 20 C.F.R. § 404.1513(a), (c); *Carson v. Comm'r of Soc. Sec. Admin.*, 300 Fed. Appx. 741, 744 (11th Cir. 2008). The ALJ is required to "state with particularity the weight [she] gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

I agree with the Magistrate Judge that the ALJ's failure to explain with particularity why she rejected the reaching limitation–or even to address that point, which seems to contradict the great weight assigned to Dr. Louis's opinions–was error requiring remand. *Ryan v. Heckler*, 762 F.2d 939, 941-42 (11th Cir. 1985). The Commissioner's arguments to the contrary are unavailing.

### *The Opinion of Dr. John C. Drygas*

Dr. Drygas ended two separate examination reports with the statement, "He is disabled by

the symptoms from his cervical syrinx, BUT this is not surgical at this time . . . ." (R. 508, 525). The Magistrate Judge found that the ALJ's failure to mention Dr. Drygas's opinions of disability in her decision constituted legal error requiring remand. On this point, I also agree with the Magistrate Judge.

Whether a claimant is disabled is an issue reserved for the Commissioner and the ALJ. 20 C.F.R. § 404.1527(d)(1). Because the issue is reserved for the Commissioner, a physician's opinion that a claimant is disabled is not a "medical opinion" requiring a heightened degree of review, and the regulations do "not give any special significance to the source of [the] opinion." *Id.* § 404.1527(d)(3). There is no requirement that the ALJ weigh a statement on a final issue reserved for the ALJ in the same manner as Dr. Louis's medical opinion, for example. Moreover, there is no requirement that the ALJ mention every piece of evidence in her written opinion, as long as the final decision allows the court to conclude that the ALJ considered the claimant's medical condition as a whole. *Hennes v. Comm'r of Soc. Sec.*, 130 Fed. Appx. 343, 348 n.11 (11th Cir. 2005) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)); *Ortiz v. Comm'r of Soc. Sec.*, No. 6:11-cv-1836-Orl-TBS, 2013 WL 5187794, at *3 (M.D. Fla. Sep. 13, 2013).

Nevertheless, the Magistrate Judge concluded that Social Security Ruling 96-5P prohibits the ALJ from "ignor[ing]" Dr. Drygas's opinion, and requires the ALJ to "evaluate" the opinion (Dkt. 17 at 9-10). *See Titles II & XVI: Med. Source Opinions on Issues Reserved to the Comm'r*, S.S.R. 96-5P, 1996 WL 374183, at *2-*3 (S.S.A July 2, 1996). In relevant part, the Ruling provides:

> [A]djudicators must *always carefully consider* medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner. . . .
>     However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect,

4

> confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.
>
> However, opinions from any medical source on issues reserved to the Commissioner *must never be ignored*. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. *If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.*
>
> *In evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d).* For example, it would be appropriate to consider the supportability of the opinion and its consistency with the record as a whole at the administrative law judge and Appeals Council levels in evaluating an opinion about the claimant's ability to function which is from a State agency medical or psychological consultant who has based the opinion on the entire record . . . . However, pursuant to paragraph (e)(2) of 20 CFR 404.1527 and 416.927, the adjudicator is precluded from giving any special significance to the source; e.g., giving a treating source's opinion controlling weight, when weighing these opinions on issues reserved to the Commissioner.

S.R.R. 96-5P, 1996 WL 374183, at *2-*3 (emphasis added).

The gist of this Ruling is that the ALJ must weigh and evaluate *any* opinion from a medical source, even if it concerns an ultimate issue reserved for the ALJ. The only restriction on the normal evaluative process is that the ALJ is prohibited from affording such an opinion controlling or significant weight. The ALJ's failure to mention Dr. Drygas's conclusion that Moon is disabled and to discuss the weight afforded to that opinion is therefore error requiring remand.

Accordingly, the Report and Recommendation (Dkt. 17) from the Magistrate Judge is **APPROVED** and **ADOPTED** for all purposes, including for appellate review. The decision of the Commissioner is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Order and the Report and Recommendation. The Clerk is directed to **ENTER** final

judgment in favor of Plaintiff Jonathan Moon and to **CLOSE** the file.

**DONE AND ORDERED** this ___10th___ day of February, 2014.

                                                                JAMES D. WHITTEMORE
                                                               United States District Judge

Copies to:
Counsel of Record